IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-01694-PAB

THERESA OTERO, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

PANORAMA EYE CARE, LLC,

    Defendant.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on review of the docket. In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted). Finally, delay in addressing the issue only compounds the problem

if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  See *U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Plaintiff asserts that this Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), Docket No. 1 at 4–5, ¶ 14, whereby "district courts shall have original jurisdiction of all civil actions in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A); *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243 (10th Cir. 2009) ("CAFA allows federal jurisdiction over class actions involving at least 100 members and over $5 million in controversy when minimal diversity is met (between at least one defendant and one plaintiff-class member).").  "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile."  *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Id*. at 1260.  CAFA provides that, for purposes of CAFA original and removal jurisdiction, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  28 U.S.C. § 1332(d)(10); *see also Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237 n.1 (10th Cir. 2015).  The citizenship of a corporation is determined by its state(s)

of incorporation and principal place of business.  See 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").  While the Tenth Circuit has not addressed the issue, other courts of appeal have found "that § 1332(d)(2)(A) incorporates dual, not alternative, citizenship for corporations."  *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 957 (6th Cir. 2017) ("All other courts of appeals to consider the issue have reached the same conclusion." (citing *Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341, 1344–46 (11th Cir. 2017); *Johnson v. Advance Am.*, 549 F.3d 932, 935–36 (4th Cir. 2008); *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 78 n.2 (1st Cir. 2009)).  "Stated differently, if any member of the putative class is a citizen of the corporation's place of incorporation or its principal place of business, minimal diversity is absent."  2 McLaughlin on Class Actions § 12:6 (20th ed.).

      While, at the pleading stage, the Court takes as true all "well-pled (that is, plausible, non-conclusory, and non-speculative) facts," *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008), the allegations regarding the Court's jurisdiction are not well-pled.  The allegations in the complaint regarding the parties' citizenship include the fact that plaintiff Theresa Otero "is a resident and citizen of Fort [Lu]pton[1] Colorado" and that her daughter "is a patient at Panorama."  Docket No. 1 at 4, ¶ 12.  The complaint further alleges that "Panorama is a Delaware corporation with its principal place of business located at 2809 E. Harmony Rd., Suite 210, Fort Collins, CO

---

[1] The complaint states that plaintiff is a resident of "Fort Upton."  Docket No. 1 at 4, ¶ 12.  The Court is unaware of any such place and presumes this to be a misspelling of Fort Lupton, Colorado.

80525."[2]  *Id.*, ¶ 13.  The complaint states that defendant Panorama Eye Care, LLC ("Panorama") "is a management services organization that serves eye care providers throughout Colorado and Wyoming."  *Id.* at 1, ¶ 1.  Finally, the complaint asserts that the proposed class includes an estimated 377,911 individuals.  *Id.* at 25, ¶ 92.  The complaint is silent as to the citizenship of any of the other putative class members.

Additionally, the complaint asserts a series of harms that appear to be directed to her daughter, and not to plaintiff.  The complaint alleges that plaintiff's daughter's private information was accessed by a third party during a data breach of the technology systems defendant Panorama uses to collect, maintain, and store sensitive personal and medical information.  *Id.* at 1–2, ¶¶ 2–3.  As such, plaintiff has not established that it is her citizenship, and not the citizenship of her daughter, that the Court should consider when determining whether it has jurisdiction in this case, and the complaint is silent as to her daughter's citizenship.  *See* 28 U.S.C. § 1332(c)(2) ("the legal representative of an infant . . . shall be deemed to be a citizen only of the same State as the infant").  Moreover, even if the Court were to attribute plaintiff's Colorado citizenship to her daughter, plaintiff has still failed to establish minimum diversity.  The complaint alleges that "Panorama is a Delaware corporation with its principal place of business located at 2809 E. Harmony Rd., Suite 210, Fort Collins, CO 80525," meaning that Panorama is a citizen of both Delaware and Colorado.  Docket No. 1 at 4, ¶ 13.  As such, plaintiff's allegations appear to establish that the parties are all citizens of

---

[2] The Court notes that Panorama is not a corporation; it is a limited liability company.  However, for purposes of CAFA jurisdiction, the citizenship of an unincorporated association is treated the same as that of a corporation.  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237 n.1 (10th Cir. 2015) (Congress "prescribed a different rule as to unincorporated associations for purposes of" CAFA).

4

Colorado and that minimal diversity does not exist.  *Roberts*, 874 F.3d at 957.  Because the allegations regarding the parties' citizenship are not well-pled, the Court is unable to determine whether the Court has jurisdiction.  *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)).

Finally, the Court addresses the separate issue of plaintiff's disclosure of her daughter's name in the complaint.  Federal Rule of Civil Procedure 5(a)(3) provides that "[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor . . . the filing may include only: . . . the minor's initials."  Fed. R. Civ. P. 5.2(a)(3).  It is unclear from the complaint whether plaintiff's daughter is still a minor whose name must be abbreviated.

It is therefore

**ORDERED** that, on or before **July 30, 2024**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.  Plaintiff shall indicate whether plaintiff's daughter remains a minor and, if so, shall file an amended complaint that complies with Fed. R. Civ. P. 5.2(a)(3).

DATED July 22, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge